| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-02238-CAS-AGRx | Date | March 14, 2019 |
| Title | MARGARITA REYES V. KIRSTJEN NIELSEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEY FEES (Dkt. [ 23 ], filed June 26, 2018)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 18, 2019, is vacated, and the matter is hereby taken under submission.

On March 19, 2018, Margarita Reyes ("plaintiff") filed a complaint seeking declaratory and injunctive relief against defendants Kirstjen Nielsen, L. Francis Cissna, and William Barr ("defendants"), who were sued in their official capacities.[1] Dkt. 1 ("Compl."). Plaintiff requested that this Court compel defendants to adjudicate multiple Petitions for Alien Relatives ("Form I–130"), which plaintiff filed on behalf of her husband and step-children. See generally id.

On November 21, 2018, the parties stipulated to dismiss this case without prejudice. Dkt. 21. On November 27, 2018 the Court subsequently dismissed this action in its entirety, without prejudice. Dkt. 22. On December 18, 2018, plaintiff's attorney filed a motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 23-1 ("Mot."). On February 25, 2019, the government filed an opposition to the motion for attorney fees. Dkt. 27 ("Opp'n"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] The complaint initially named former U.S. Attorney General Jefferson Sessions as a defendant. Presently, William Barr serves as the U.S. Attorney General.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-02238-CAS-AGRx | Date | March 14, 2019 |
| Title | MARGARITA REYES V. KIRSTJEN NIELSEN, ET AL. | | |

## II. BACKGROUND

### A. The Underlying Application Process

On or about September 25, 2007, plaintiff filed a Petition for Alien Relative ("Form I–130") on behalf of her husband, Attia Salem, seeking to establish that he is eligible to immigrate to the United States ("U.S.") as the spouse of a U.S. citizen. Compl. ¶ 14. On or about October 14, 2008, the United States Citizenship and Immigration Services ("USCIS") denied plaintiff's Form I–130. Id. ¶ 39.

Upon plaintiff's appeal, the Department of Homeland Security ("DHS") vacated and remanded USCIS's decision. Id. ¶¶ 41–42. USCIS subsequently denied plaintiff's Form I-130 for the second time on or around July 16, 2013. Id. ¶ 48. Plaintiff filed a second appeal on August 16, 2013, and DHS again vacated and remanded USCIS's decision on February 2, 2015. Id. ¶¶ 49–50. Following the second remand, plaintiff alleges that USCIS took no substantial action with respect to plaintiff's Form I–130. Id. ¶¶ 52–53. On or about November 23, 2015, during USCIS's alleged inaction, plaintiff filed additional Form I-130 petitions on behalf of her step-children, Nayra Salem and Ahmed Salem. Id. ¶ 17.

On or about July 27, 2017, the USCIS notified plaintiff that its records indicated that plaintiff's Form I–130 had been denied in 2013, and that plaintiff had failed to timely appeal USCIS's determination ("July Letter"). Dkt. 3-5, Ex. W at 109 ("July Letter"). In the July Letter, USCIS did not address DHS's second vacatur or remand, nor did USCIS issue a decision with regard to the petitions that the plaintiff filed on behalf of her step–children. Id. ¶¶ 55–56. Defendants contend that USCIS erroneously sent the July Letter, and the government disputes that the case was closed. Opp'n at 3 n. 2.

### B. Plaintiff Files this Action

Upon allegedly exhausting all administrative remedies, compl. ¶ 59, plaintiff retained the Law Offices of Gihan Thomas ("Gihan Thomas") to represent her in potential civil litigation, mot. ¶ 19. Plaintiff's contract with Gihan Thomas provided for an initial fixed fee, plus any amount that the attorney was able to recover under the EAJA. See Dkt. 23-3, Ex. 3. On March 19, 2018, plaintiff filed this action, seeking to compel agency action under the Mandamus Act, 28 U.S.C. § 1361. Compl. ¶¶ 63–64.

On November 15, 2018, USCIS issued a notice to plaintiff stating that the agency had reopened her spousal Form I–130 "pursuant to a court order" (the "November Letter"). Dkt. 23-3, Ex. 4 ("Nov. Letter"). Specifically, the November Letter states that, "[p]ursuant to a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-02238-CAS-AGRx | Date | March 14, 2019 |
| Title | MARGARITA REYES V. KIRSTJEN NIELSEN, ET AL. | | |

order, the application or petition . . . has been reopened or will be reconsidered." Id. Defendants allege that USCIS erroneously sent the November Letter, and the government contends that USCIS had continued processing plaintiff's form throughout this litigation. Opp'n at 3 n.2. The government provides several letters which were sent to plaintiff during the course of this litigation, and which demonstrate USCIS's continued review of plaintiff's petitions prior to the November Letter. Opp'n, Ex. 1–4 ("USCIS Letters"). The USCIS Letters indicate that USCIS: (1) interviewed plaintiff and her husband on May 14, 2018; (2) issued its notice of intent to deny the Form I–130 petition on behalf of plaintiff's husband on June 28, 2018; and (3) issued supplemental notice of the agency's intent to deny the Form I-130 petition on behalf of plaintiff's husband on September 26, 2018. Id.; Opp'n at 2–3. Additionally, on November 19, 2019, USCIS issued its decision denying the Form I-130 petition on behalf of plaintiff's husband, Attia Salem. Dkt. 27, Ex. 4.

On November 21, 2018, the parties stipulated to dismiss this action without prejudice. Mot. ¶¶ 16–17, 29–30. Accordingly, on November 27, 2018, the Court dismissed the action in its entirety, without prejudice.[2] Id. ¶ 17. Plaintiff now moves for attorneys' fees under the EAJA.

## III. LEGAL STANDARD

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005). However, "Congress has authorized fee recovery by prevailing parties in EAJA." Id. The EAJA provides that

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in
> any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[2] Although the Court dismissed the action, without prejudice, the Court did not issue a mandamus compelling the government to adjudicate plaintiff's Form I–130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-02238-CAS-AGRx | Date | March 14, 2019 |
| Title | MARGARITA REYES V. KIRSTJEN NIELSEN, ET AL. | | |

28 U.S.C. § 2412(d)(1)(A).

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002), as amended (Feb. 21, 2002); see 28 U.S.C. § 2412(d)(1)(A). "The first question that must be resolved, therefore, is whether [the plaintiff] is a 'prevailing party.'" Carbonell, 429 F.3d at 898. [A] litigant must meet two criteria to qualify as a prevailing party. Id. First, he must achieve a "material alteration of the legal relationship of the parties [and s]econd, that alteration must be 'judicially sanctioned.'" Id.

Although the "catalyst theory" designates the "plaintiff [as] a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct," Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001), with regard to statutes other than the EAJA, the Supreme Court "rejected the 'catalyst theory' for the recovery of attorney's fees, holding that relief achieved through voluntary change prompted by a lawsuit 'lacks the necessary judicial *imprimatur*' for a plaintiff to qualify as a prevailing party." Carbonell, 429 F.3d at 898 (citing Buckhannon, 532 U.S. at 605) (emphasis in original). The Ninth Circuit has applied this rule to the EAJA. Perez-Arellano, 279 F.3d at 794.

## IV. DISCUSSION

Pursuant to the EAJA, plaintiff contends that she is the prevailing party, and that she is entitled to attorneys' fees and costs of $7,459.41. Mot. ¶ 1. Specifically, plaintiff alleges that she is the prevailing party because the USCIS "agreed to reopen or reconsider her previously filed Form I–130" and, according to the November Letter, that change in position was "[p]ursuant to a court order." Mot. ¶ 29, 31. The government disputes the notion that plaintiff is a "prevailing party" under the EAJA. The government contends that "USCIS continued processing plaintiff's [Form I–130] throughout the course of this litigation," opp'n at 3, and that this Court did not issue any meaningful court order that would designate plaintiff as a "prevailing party," id. at 4–5.

The Court finds that attorneys' fees are not warranted in this case. There have been no proceedings in this case. Furthermore, there is no record that the Court ever issued a court order or decree—or made any determination on the merits—which would constitute the type of "judicial imprimatur" that is necessary for plaintiff to qualify as a prevailing party. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-02238-CAS-AGRx | Date | March 14, 2019 |
| Title | MARGARITA REYES V. KIRSTJEN NIELSEN, ET AL. | | |

the government concedes that it sent the November Letter stating "[p]ursuant to a court order, the application or petition . . . has been reopened[,]" it also states that this letter was "erroneously sent." Opp'n at 3 n.2. Moreover, plaintiff fails to identify what specific court order the November Letter references. The letters regarding plaintiff's visa petitions, which USCIS sent to plaintiff throughout this litigation, provide evidentiary support that USCIS continued to process plaintiff's Form I–130 petitions prior to the November Letter. See Opp'n, Ex. 1–4. Accordingly, it does not appear that USCIS "reopened" plaintiff's Form I–130 application pursuant to any court order issued in this case.

Although defendants may have resumed their processing of plaintiff's petitions in response to the filing of this action, that voluntary decision also would not render plaintiff a prevailing party. The "catalyst theory" does not apply in attorney's fees cases because "relief achieved through voluntary change prompted by a lawsuit 'lacks the necessary judicial imprimatur.'" Buckhannon, 532 U.S. at 605. The government's potential voluntary responses to plaintiff's petitions accordingly preclude plaintiff's ability to collect attorneys' fees under the EAJA. See Perez-Arellano, 279 F.3d at 795 (affirming the denial of attorney's fees even where plaintiff obtained his desired outcome because the lawsuit was dismissed by the court upon joint motion of the parties and because "the result of the INS' voluntary decision and was not compelled by the district court"); see also Citizens For Better Forestry v. U.S. Dep't of Agr., 567 F.3d 1128, 1134 (9th Cir. 2009) (reversing an award of attorneys' fees where the parties stipulated to dismiss the case because there was no "[r]elief from the court in some formal fashion"). The Court therefore finds that plaintiff is not a "prevailing party" under the EAJA, and she is not entitled to attorneys' fees.[3]

## V.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for attorney fees under the EAJA **without prejudice**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

---

[3] Because the Court finds that plaintiff is not the "prevailing party," the Court need not decide whether plaintiff's attorney caused a "material alteration" in the legal relationship between the parties.